UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBETTE JOHNSON** | **CIVIL ACTION NO. 19-1372** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

On October 18, 2019, Plaintiff Robette Johnson ("Johnson"), proceeding pro se, filed the pending Complaint [doc. #1] against her former employer, Defendant General Dynamics Information Technology, Inc. ("GDIT"), asserting, among others, claims of failure to accommodate and disability discrimination in violation of the Americans with Disabilities Act ("ADA), 42 U.S.C. §§ 12112, *et seq.*, and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  For reasons below,  it is recommended that the Court dismiss Johnson's Complaint for failure to prosecute.

**Background**

The above-referenced case has been pending before the Court since October 2019 with no significant progress.  In recognition of Johnson's pro se status, the Court and employees of the Clerk of Court have worked diligently with the parties to ensure that the case is properly presented and considered.  Since the case was filed, however, Johnson has sought and obtained multiple stays based on her representations that COVID-19 and unrelated medical treatment were causing delays.  After the prior Magistrate Judge granted the last such stay through February 22,

2021, *see* [doc. #40], GDIT sought reconsideration. While the Magistrate Judge denied the motion for reconsideration, she also ruled that the stay would not be extended again and noted that extending the stay further could cause GDIT prejudice. [doc. #46].

After the stay expired, on March 1, 2021, Johnson moved to dismiss this case without prejudice, indicating that she is not prepared to pursue her claims at this time. *See* [doc. #48]. GDIT opposed dismissal without prejudice, arguing that the case should be dismissed with prejudice. [doc. #50]. Johnson replied, again asserting that her case should be dismissed without prejudice. [doc. #51].

On May 3, 2021, Judge Elizabeth Foote issued a Memorandum Order [doc. #55] denying Johnson's voluntary Motion to Dismiss. In that Order, Judge Foote ruled as follows:

> . . . there is evidence that Plaintiff has filed this motion to avoid the Magistrate Judge's ruling that the case would no longer be stayed after February 2021. The Court thus concludes that Plaintiff's motion to dismiss without prejudice is an effort to further delay prosecuting her case, and as such, the motion [Record Document 48] is DENIED. . . .The stay in this matter is LIFTED and the matter is REFERRED to the Magistrate Judge for entry of a Scheduling Order.

*Id.* In a footnote, Judge Foote further explained:

> The Court notes that were it to have granted Plaintiff's motion, she may not have been able to re-file all of her claims, as they would be time-barred by the time of re-filing. *Ward v. City of Dallas*, No. CIV.A. 3:06-CV-0145-, 2006 WL 3511247, at *3 (N.D. Tex. Dec. 6, 2006) (summarizing Fifth Circuit precedent and concluding that "at least some Title VII suits—those that were dismissed for want of prosecution or dismissed voluntarily—did not toll the limitations period even when they were dismissed without prejudice.); *Campbell v. Wilkinson*, 988 F.3d 798, 801 n.l (5th dr. 2021).

After Judge Foote's Memorandum Order issued, the undersigned attempted on two occasions to hold a scheduling conference with Johnson and GDIT's counsel. Because it was not

clear whether Johnson received notice of the first conference, a second scheduling conference was set for June 9, 2021, at 10:00 a.m. The minutes setting the conference and the call-in information were sent to Johnson by certified mail.

In the meantime, in additional filings with the Court, Johnson continues to assert that her case should be dismissed without prejudice. *See* [doc. #s 57, 62, & 64]. Johnson again refers to her medical condition, contending that her rights to medical treatment are being violated if she is forced to pursue this case.

On June 9, 2021, the undersigned initiated the scheduling conference call, and GDIT's counsel was present. Although the undersigned and counsel waited for approximately fifteen (15) minutes, Johnson never called in to participate.

## Law and Analysis

A district court has the authority to sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); Local Rule 41.3W. The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630–31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

The scope of the district court's discretion is narrower when the Rule 41(b) dismissal is with prejudice or when a statute of limitations may bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice. *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992). Where the limitations period "prevents or arguably may prevent" further litigation,

the standard of review should be the same as is used when reviewing a dismissal with prejudice. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976). The United States Court of Appeals for the Fifth Circuit has stated that it will affirm dismissals with prejudice for failure to prosecute only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191.

    Here, the Court has granted Johnson multiple stays based on concerns of COVID-19 and so that she could pursue medical treatment. However, as the case nears the two-year mark, the Court, the public, and GDIT have the right to have the case pursued in a diligent fashion. Johnson has been afforded deference, both because of pro se status and because of her self-reported medical need, but an open-ended stay is neither feasible nor in the interests of justice and judicial economy. It is clear that Johnson does not intend to pursue or prosecute her case at this time. She has been provided notice that a dismissal could result in the running of the statute of limitations shortly (at least within a short time period of the date the case is dismissed), so that she is aware she may not be able to return to this Court. Under these circumstances, the undersigned finds no other recourse than to recommend dismissal.

## Conclusion

    For the reasons above, **IT IS RECOMMENDED** that Johnson's Complaint be **DISMISSED for failure to prosecute.**

    **By this Report and Recommendation, the undersigned notifies Johnson that it recommended that her Complaint, and claims made therein, be dismissed, and she <u>may</u>**

**raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 11th day of June, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge